1   ADAM R.F. GUSTAFSON
    Acting Assistant Attorney General
2   U.S. Department of Justice
    Environment & Natural Resources Division
3
    EMMA HAMILTON, Trial Attorney
4   CA Bar No. 325360
    Natural Resources Section
5   201 Third Street, N.W., Suite 900
    Albuquerque, New Mexico 87102
6   Telephone: (202) 305-5689
    Email: emma.hamilton@usdoj.gov
7
8   *Attorney for Defendants*
9
10              **UNITED STATES DISTRICT COURT**
11               **FOR THE DISTRICT OF ARIZONA**
12   Center for Biological Diversity;        )
     Chiricahua Regional Council; Natural    )
13   Allies; Wild Arizona; and               )
     Conservation CATalyst,                  )
14                                           )
                                            )  Case No.: 4:24-cv-405-RM
15          Plaintiffs,                      )
                                            )  **DEFENDANTS' ANSWER**
16          v.                              )  **TO PLAINTIFFS' FIRST AMENDED**
                                            )  **COMPLAINT (ECF NO. 26)**
17   U.S. Forest Service; Michiko Martin,    )
18   Regional Forester of the U.S. Forest    )
     Service Southwestern Region; U.S.       )
19   Fish and Wildlife Service; and Leston   )
     Stewart Jacks, Acting Regional          )
20   Director of the U.S. Fish and Wildlife  )
     Service Southwest Region,               )
21                                           )
                                            )
22          Defendants.                      )
                                            )
23  _____ )
24
25
26
27

**PREFATORY NOTE**

Plaintiffs' claims are reviewable, if at all, in accordance with the judicial review provisions of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706. Under the APA, the Court is not a fact finder. Rather, this Court's role is closer to that of an appellate tribunal, reviewing the administrative records that were before the federal agencies at the time they made the challenged decisions to determine whether those administrative records support the agencies' decisions or whether the agencies' decisions are arbitrary, capricious, or otherwise contrary to law.  5 U.S.C. § 706; *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729 (1985). This standard of review is "highly deferential" to the subject matter expertise of the agencies Congress has entrusted with primary jurisdiction over federal lands. *San Luis & Delta-Mendota Water Auth. v. Jewell*, 747 F.3d 581, 601 (9th Cir. 2014). And the Ninth Circuit has repeatedly instructed that the scope of judicial review of agency action is limited to the administrative record. *See, e.g.*, *Lands Council v. Powell*, 395 F.3d 1019 (9th Cir. 2005); *Northcoast Env't Ctr. v. Glickman*, 136 F.3d 660, 665 (9th Cir. 1998).

Accordingly, judicial review of federal agency action is a unique procedure, different in both nature and scope from the procedures used to resolve other civil actions within the original jurisdiction of the federal district courts. *See Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1579 (10th Cir. 1994) (stating that a "complaint" was not the appropriate vehicle for initiating judicial review under the APA). Nonetheless, as a matter of judicial efficiency and consistent with Federal Rules of Civil Procedure 8(b) and 15(a), Defendants Michiko Martin, in her official capacity as Regional Forester for the United States Forest Service ("USFS") Southwestern Region, the United States Forest Service ("Forest Service"),  Leston Stewart Jacks, in his official capacity as Acting Regional Director of the U.S. Fish and Wildlife Service Southwest Region, and the United States Fish and Wildlife Service ("FWS") submit the following "Answer" construing Plaintiffs' September 29, 2025 "First Amended Complaint for Injunctive and Declaratory Relief"

(ECF No. 26) as a petition for review of agency action challenging the approval and authorization to construct three roads for the Chiricahua Public Access Project ("the Project") in the Chiricahua Ecosystem Management Area ("Chiricahua EMA") within the Coronado National Forest ("Forest"), without waiving any defense or position that Defendants may have pursuant to the APA.

The numbered paragraphs of this Answer correspond to the numbered paragraphs of the First Amended Complaint. Where a sentence in the First Amended Complaint is followed by a citation, this Answer treats the citation as part of the preceding sentence.

## "I. <u>INTRODUCTION</u>"[1]

1.      Defendants admit that on September 19, 2023, an officer of the USFS signed a Decision Notice ("DN") authorizing the Project. Defendants admit that the Project includes road construction at three locations within the Chiricahua EMA on the Forest. Defendants also aver that one section of the Project (Horseshoe Canyon) is already open to public motor vehicle traffic. Defendants deny the remainder of the allegations in Paragraph 1.

2.      Defendants admit that the action area analyzed in the Biological Assessment ("BA") for potential noise and visual disturbances to wildlife included the 300-foot dispersed camping corridor plus a 0.25-mile buffer along the affected road segments for a total of 10,504 acres, but deny the remaining allegations in the first sentence of Paragraph 2. Defendants admit that the road into John Long Canyon has been closed to public motor vehicle traffic for approximately 37 years, but lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in the second sentence of Paragraph 2, and on this basis deny the allegations. To the extent a

---

[1] The section headings and subheadings used in this Answer follow the headings and subheadings use in Plaintiffs' Complaint and are included solely for the purpose of organizational convenience in matching the answers provided herein with the allegations made in the Complaint. The headings are not part of Defendants' responses to the allegations.

Defendants' Answer to First Amended Complaint                    3

response is required, Federal Defendants deny any allegations inconsistent with the Administrative Record and the federal agencies' determinations.

3.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first and second sentences of Paragraph 3, and on this basis deny the allegations. To the extent a response is required, Defendants deny any allegations inconsistent with the Administrative Record and the federal agencies' determinations. Defendants admit the allegations in the third sentence of Paragraph 3.

4.    Defendants admit that the USFS made a finding of no significant impact for the Project. Defendants deny the remaining allegations in Paragraph 4.

5.    Defendants admit that the USFS made a finding of no significant impact for the Project. Defendants deny the remaining allegations in Paragraph 5.

6.    The allegations in Paragraph 6 constitute conclusions of law, and thus no response is required. To the extent a response is required, Defendants deny the allegations and any violation of law.

7.    Defendants admit that the Forest Service relied on the Biological Opinion ("BiOp") for the Project, among other documents, and that FWS issued an Amended Biological Opinion ("Amended BiOp") on April 18, 2025. Defendants deny the remaining allegations in Paragraph 7 .

8.    The allegations in Paragraph 8 constitute conclusions of law, and thus no response is required. To the extent a response is required, Defendants deny the allegations and any violation of law.

9.    The allegations in Paragraph 9 constitute conclusions of law, and thus no response is required. To the extent a response is required, Defendants deny the allegations and any violation of law.

10.    The allegations in Paragraph 10 constitute conclusions of law, and thus no response is required. To the extent a response is required, Defendants deny the allegations and any violation of law.

Defendants' Answer to First Amended Complaint                                4

11.     Defendants deny the allegations in the first sentence of Paragraph 11. The allegations in the second sentence of Paragraph 11 constitute Plaintiffs' characterization of this action to which no response is required, and Defendants deny that Plaintiffs are entitled to their requested relief or any relief whatsoever.

**"II. <u>JURISDICTION AND VENUE</u>"**

12.     The allegations in Paragraph 12 constitute conclusions of law concerning jurisdiction, which require no response. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the referenced statutes.

13.     The allegations in Paragraph 13 constitute conclusions of law concerning jurisdiction and justiciability, which require no response. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the referenced statutes.

14.     Defendants admit that Plaintiffs submitted comments on the Environmental Assessment  ("EA") for the Project during the public comment period, objected to the DN for the Project, and provided 60 days' notice of intent to sue. The remaining allegations in Paragraph 14 contain conclusions of law which require no response. To the extent a response is required, the allegations are denied.

15.     The allegations in Paragraph 15 constitute conclusions of law regarding venue, which require no response. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the referenced statute.

**"III. <u>PARTIES</u>"**

16.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first, second, third, and sixth sentences of Paragraph 16, and, on that basis, deny the allegations. As to the fourth sentence of Paragraph 16, Defendants admit that a member of the Center petitioned for the Mexican spotted owl to

be listed under the ESA in 1989, a final rule listing the species as threatened was published in 1991, and following litigation by the Center, critical habitat designations were made for the species in 1995 and 2001. Defendants deny the remaining allegations in the fourth sentence of Paragraph 16. Defendants deny the allegations in the fifth sentence of Paragraph 16.

17.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first, second, third, and fifth sentences of Paragraph 17, and, on that basis, deny the allegations. Defendants admit the allegations in the fourth sentence of Paragraph 17.

18.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first, second, third, fourth, fifth, sixth, seventh, eighth, and tenth sentences of Paragraph 18, and, on that basis, deny the allegations. Defendants admit the allegations in the ninth sentence of Paragraph 18.

19.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first, second, third, fifth, sixth, and ninth sentences of Paragraph 19, and, on that basis, deny the allegations. Defendants admit that Natural Allies was involved in an advisory capacity and provided input during the Forest's Travel Management Rule development process. Defendants deny the remaining allegations in the fourth sentence of Paragraph 19. Defendants admit the allegations in the seventh and eighth sentences of Paragraph 19.

20.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first, second, third, fourth, fifth, sixth, and eighth sentences of Paragraph 20, and, on that basis, deny the allegations. Defendants admit the allegations in the seventh sentence of Paragraph 20.

21.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first, second, third, fourth, fifth, sixth, and eighth sentences of Paragraph 21, and, on that basis, deny the allegations. Defendants admit the

allegations in the seventh sentence of Paragraph 21.

22.    Defendants deny the allegations in Paragraph 22.

23.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23, and, on that basis, deny the allegations.

24.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24, and, on that basis, deny the allegations.

25.    The allegations in Paragraph 25 constitute conclusions of law which require no response. To the extent a response is required, Defendants deny the allegations and any violation of law.

26.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 and, on that basis, deny the allegations.

27.    The allegations in Paragraph 27 constitute conclusions of law which require no response. To the extent a response is required, Defendants deny the allegations.

28.    Defendants admit the allegations in Paragraph 28.

29.    Defendants admit the allegations in Paragraph 29.

30.    Defendants admit the allegations in Paragraph 30.

31.    Defendants admit the allegations in Paragraph 31.

## "IV. LEGAL FRAMEWORK"

### "The National Environmental Policy Act ('NEPA')"

32.    The allegations in Paragraph 32 purport to quote from and characterize NEPA and its implementing regulations, which speak for themselves, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of NEPA and its implementing regulations.

33.    The allegations in Paragraph 33 purport to quote from and characterize NEPA and its implementing regulations, which speak for themselves, and thus no response is required. To the extent a response is required, Defendants deny any

allegations contrary to the plain language, context, and meaning of NEPA and its implementing regulations.

34.     The allegations in Paragraph 34 purport to quote from and characterize the regulations implementing NEPA, which speak for themselves, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of NEPA and its implementing regulations.

35.     The allegations in Paragraph 35 purport to quote from and characterize the regulations implementing NEPA, which speak for themselves, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of those regulations.

36.     The allegations in Paragraph 36 purport to characterize the regulations implementing NEPA, which speak for themselves, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of those regulations.

37.     The allegations in Paragraph 37 purport to quote from and characterize the regulations implementing NEPA, which speak for themselves, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of those regulations.

38.     The allegations in Paragraph 38 purport to quote from and characterize the regulations implementing NEPA, which speak for themselves, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of those regulations.

39.     The allegations in Paragraph 39 purport to quote from and characterize NEPA and its implementing regulations, which speak for themselves, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of NEPA and its implementing regulations.

Defendants' Answer to First Amended Complaint                                    8

40.     The allegations in Paragraph 40 purport to quote from and characterize NEPA and its implementing regulations, which speak for themselves, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of NEPA and its implementing regulations.

41.     The allegations in Paragraph 41 purport to quote from and characterize the regulations implementing NEPA, which speak for themselves, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of those regulations.

**"The Endangered Species Act ('ESA')"**

42.     The allegations in Paragraph 42 purport to quote from and characterize the ESA, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the ESA.

43.     The allegations in Paragraph 43 purport to characterize the ESA's implementing regulations, which speak for themselves, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of those regulations.

44.     The allegations in Paragraph 44 purport to quote from and characterize the ESA, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the ESA.

45.     The allegations in Paragraph 45 purport to characterize the ESA, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the ESA.

46.     The allegations in Paragraph 46 purport to quote from and characterize the

ESA, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the ESA.

47. The allegations in Paragraph 47 purport to characterize the ESA's implementing regulations, which speak for themselves, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of those regulations.

48. The allegations in Paragraph 48 purport to quote from and characterize the ESA and its implementing regulations, which speak for themselves, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the ESA and its implementing regulations.

49. The allegations in Paragraph 49 purport to quote from and characterize the ESA's implementing regulations, which speak for themselves, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of those regulations.

50. The allegations in Paragraph 50 purport to quote from and characterize the ESA and its implementing regulations, which speak for themselves, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the ESA and its implementing regulations.

51. The allegations in Paragraph 51 purport to quote from and characterize the ESA, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the ESA.

52. The allegations in Paragraph 52 purport to quote from and characterize the ESA and its implementing regulations, which speak for themselves, and thus no response

is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the ESA and its implementing regulations.

53.    The allegations in Paragraph 53 purport to characterize the ESA's implementing regulations, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of those regulations.

54.    The allegation in Paragraph 54 purports to characterize the ESA, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the ESA.

55.    The allegations in Paragraph 55 purport to quote from and characterize the ESA and its implementing regulations, which speak for themselves, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the ESA and its implementing regulations.

56.    The allegations in Paragraph 56 purport to quote from and characterize the ESA, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the ESA.

**"The National Forest Management Act ('NFMA')"**

57.    The allegations in Paragraph 57 purport to characterize NFMA and caselaw interpreting the Act, which speak for themselves, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of NFMA and the cited caselaw.

58.    The allegations in Paragraph 58 purport to characterize NFMA, which speaks for itself, and thus no response is required. To the extent a response is required,

Defendants deny any allegations contrary to the plain language, context, and meaning of NFMA.

59.     The allegations in Paragraph 59 purport to quote from and characterize NFMA and its implementing regulations, which speak for themselves, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of NFMA and its implementing regulations.

60.     The allegations in Paragraph 60 purport to quote from and characterize caselaw interpreting NFMA, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the cited caselaw.

**"The Administrative Procedure Act ('APA')"**

61.     The allegations in Paragraph 61 purport to characterize the APA, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the APA.

62.     The allegations in Paragraph 62 purport to quote from the APA, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the APA.

63.     The allegations in Paragraph 63 purport to quote from and characterize the APA, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the APA.

**"V. PROCEDURAL BACKGROUND"**

64.     Defendants admit that the Forest Service published a draft EA on October 21, 2020. The remainder of the allegations in Paragraph 64 purport to characterize the

Defendants' Answer to First Amended Complaint                                      12

contents of the draft EA, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the draft EA.

65.    Defendants admit the allegations in Paragraph 65.

66.    Defendants admit the allegations in Paragraph 66.

67.    Defendants admit that the BiOp for the Project was produced on February 23, 2022. The remainder of the allegations in Paragraph 67 purport to characterize the contents of the BiOp, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the BiOp.

68.    Defendants admit the allegations in Paragraph 68.

69.    Defendants admit the allegations in Paragraph 69.

70.    Defendants admit the allegations in Paragraph 70.

71.    Defendants admit the allegations in Paragraph 71.

72.    Defendants admit the allegations in Paragraph 72.

73.    Defendants admit the allegations in Paragraph 73.

74.    Defendants admit the allegations in Paragraph 74.

75.    Defendants admit the allegations in Paragraph 75.

### "VI. <u>FACTUAL BACKGROUND</u>"

**<u>"The Chiricahua EMA"</u>**

76.    Defendants admit the allegations of Paragraph 76 with the clarification that that the "284,621 acres" is in reference to the entire area of the Chiricahua EMA and not to the Project area.

77.    Defendants admit the allegations in Paragraph 77.

78.    Defendants admit the allegations in Paragraph 78.

79.    Defendants aver that the allegations in Paragraph 79 directly quote the 2018 Coronado National Forest Land and Resource Management Plan's ("Forest Plan")

Defendants' Answer to First Amended Complaint                                    13

description of desired conditions for Designated Wilderness Areas, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the 2018 Forest Plan. Defendants further aver that the Project does not fall within any Designated Wilderness Area of the Chiricahua EMA.

80.    The allegations in Paragraph 80 purport to quote from and characterize the EA for the Project and the Forest Plan, which speak for themselves, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the EA and the Forest Plan.

81.    The allegations in Paragraph 81 purport to quote from and characterize the BA for the Project, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the BA.

82.    The allegations in Paragraph 82 purport to characterize the Forest Plan, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the Forest Plan.

83.    The allegations in Paragraph 83 purport to quote from and characterize the Forest Plan, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the Forest Plan.

84.    The allegations in Paragraph 84 purport to quote from and characterize the Forest Plan, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the Forest Plan.

**"The Project"**

85.    The allegations in Paragraph 85 purport to quote from and characterize the

DN, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the DN.

86.   The allegations in the first sentence of Paragraph 86 purport to quote from and characterize the DN, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the DN. With respect to the second sentence of Paragraph 86, Defendants admit that the Project area is currently accessible via non-motorized access. Defendants lack the knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence of Paragraph 86, and, on that basis, deny the allegations.

87.   Defendants deny the allegation in Paragraph 87.

88.   The allegations in Paragraph 88 purport to quote from and characterize the EA for the Project, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the EA.

89.   Defendants admit that the "action area" for the Project is 10,504 acres, but deny the remaining allegations in Paragraph 89.

90.   The allegations in Paragraph 90 purport to quote from and characterize the EA for the Project, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the EA.

**"Jaguar (_Panthera onca_)"**

91.   Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 91, and on that basis deny the allegations. Defendants admit the allegations in the second sentence of Paragraph 91.

92.   Defendants admit the allegation in Paragraph 92.

93.    The allegations in the first sentence of Paragraph 93 purport to quote from and characterize an uncited FWS document, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the uncited document. Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 93, and on that basis deny the allegations.

94.    The allegations in Paragraph 94 purport to quote from and characterize the BA, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the BA.

95.    Defendants deny the allegations in the second sentence of Paragraph 95. The allegations in the first and third sentences of Paragraph 95 purport to quote from and characterize the relevant Amended BiOp, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the Amended BiOp.

96.    Defendants deny that the Jaguar Recovery Team is "led" by FWS. Defendants admit the remaining allegations in Paragraph 96.

97.    The allegations in Paragraph 97 purport to quote from and characterize the Jaguar Recovery Plan, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the Jaguar Recovery Plan.

98.    The allegations in Paragraph 98 purport to quote from and characterize the Jaguar Recovery Plan, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the Jaguar Recovery Plan.

99.    The allegations in Paragraph 99 purport to quote from and characterize the

Jaguar Recovery Plan, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the Jaguar Recovery Plan.

100.    The allegations in Paragraph 100 purport to quote from and characterize the Jaguar Recovery Plan, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the Jaguar Recovery Plan.

101.    The allegations in Paragraph 101 purport to quote from and characterize the Jaguar Recovery Plan, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the Jaguar Recovery Plan.

**"Mexican Spotted Owl (*Strix occidentalis lucida*)"**

102.    Defendants admit the allegations in Paragraph 102.

103.    Defendants admit the allegations in Paragraph 103.

104.    Defendants admit the allegations in Paragraph 104 and aver that while adults can generally survive sixteen to seventeen years, survival of individual owls varies.

105.    Defendants admit the allegations in Paragraph 105 and aver that in the original listing of Mexican Spotted owl, historical alteration of habitat as a result of timber-management and the continuation of those practices were cited as the primary threats to the species. The primary threat to the species in the United States has now transitioned to stand-replacing wildland fire.

106.    Defendants admit the allegations in Paragraph 106.

107.    The allegations in Paragraph 107 purport to characterize the Federal Register notice for the Final Designation of Critical Habitat for the Mexican Spotted Owl, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the Federal Register notice.

Defendants' Answer to First Amended Complaint                                    17

108.   The allegations in Paragraph 108 purport to characterize the Amended BiOp, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the Amended BiOp.

109.   Defendants deny that the Mexican Spotted Owl Recovery Team is "led" by FWS. Defendants admit the remaining allegations in Paragraph 109.

110.   The allegations in Paragraph 110 purport to quote from and characterize the Mexican Spotted Owl Recovery Plan ("Owl Recovery Plan"), which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the Owl Recovery Plan.

111.   The allegations in Paragraph 111 purport to characterize the Owl Recovery Plan, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the Owl Recovery Plan.

112.   The allegations in Paragraph 112 purport to quote from and characterize the Amended BiOp, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the Amended BiOp.

113.   Defendants deny the allegations in Paragraph 113.

114.   The allegations in Paragraph 114 purport to quote from and characterize the Amended BiOp, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the Amended BiOp.

**"Sensitive Species"**

115.   Defendants admit the allegations in Paragraph 115 but aver that not all sensitive species present in the Chiricahua EMA are present in the Project area.

Defendants' Answer to First Amended Complaint                    18

116.    Defendants admit that the species listed in paragraph 116 are Regional Forester's Sensitive Species.

**"2022 Biological Opinion"**

117.    The allegations in the first and second sentences of Paragraph 117 purport to characterize the BA for the Project, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the BA. Defendants admit the allegations in the third and fourth sentences of Paragraph 117.

118.    The allegations in Paragraph 118 purport to quote from and characterize the BiOp, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the BiOp.

119.    The allegations in Paragraph 119 purport to quote from and characterize the BiOp, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the BiOp.

120.    The allegations in Paragraph 120 purport to quote from and characterize the BiOp, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the BiOp.

121.    The allegations in Paragraph 121 purport to quote from and characterize the BiOp, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the BiOp.

122.    The allegations in Paragraph 122 purport to characterize the BiOp, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of

the BiOp.

123.    The allegations in Paragraph 123 purport to quote from and characterize the BiOp, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the BiOp.

124.    The allegations in Paragraph 124 purport to characterize the Incidental Take Statement ("ITS"), which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the ITS.

125.    The allegations in Paragraph 125 purport to quote and characterize the ITS, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the ITS.

**"2025 Amended Biological Opinion"**

126.    The allegations in Paragraph 126 purport to quote from and characterize the Amended BiOp, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the Amended BiOp.

127.    The allegations in Paragraph 127 purport to quote from and characterize the Amended BiOp, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the Amended BiOp.

128.    The allegations in Paragraph 128 purport to quote from and characterize the Amended BiOp, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the Amended BiOp.

**"VII. CLAIMS FOR RELIEF"**

Defendants' Answer to First Amended Complaint                    20

**"FIRST CLAIM FOR RELIEF"**

**"Against Forest Service Defendants"**

**"Violations of NEPA and the APA"**

129.    Defendants incorporate all preceding paragraphs set forth in this Answer as if set forth in full here.

130.    The allegations in Paragraph 130 constitute conclusions of law and purport to quote from and characterize NEPA, which speaks for itself, and thus no response is required.  To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of NEPA and any violation of law.

131.    The allegations in Paragraph 131 constitute conclusions of law, and thus no response is required. To the extent a response is required, Defendants deny the allegations and any violation of law.

132.    Defendants deny the allegations in the first and second sentences of Paragraph 132. The allegation in the third sentence of Paragraph 132 purports to characterize the Owl Recovery Plan, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the Owl Recovery Plan. The allegations in the fourth, fifth, and sixth sentences of Paragraph 132 purport to characterize the EA, which speaks for itself, and thus no response is required.  To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the EA and any violation of law.

133.    The allegations in Paragraph 133 purport to characterize the EA, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the EA.

134.    The allegations in Paragraph 134 constitute conclusions of law and purport to characterize the EA, which speaks for itself, and thus no response is required. To the

extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the EA and any violation of law.

135.    The allegations in Paragraph 135 constitute conclusions of law and purport to characterize the EA, Biological Evaluation, BA, and Forest Plan, which speak for themselves, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the EA, Biological Evaluation, BA, and Forest Plan and any violation of law.

136.    The allegations in Paragraph 136 constitute conclusions of law and purport to characterize the DN, Finding of No Significant Impact ("FONSI"), EA, and Jaguar Recovery Plan, which speak for themselves, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the DN, FONSI, EA, and Jaguar Recovery Plan and any violation of law.

137.    The allegations in Paragraph 137 constitute conclusions of law and purport to characterize the EA and DN, which speak for themselves, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the EA and DN and any violation of law.

138.    The allegations in Paragraph 138 constitute conclusions of law, and thus no response is required. To the extent a response is required, Defendants deny the allegations and any violation of law.

## "SECOND CLAIM FOR RELIEF"

### "Against FWS Defendants"

### "Violations of the ESA and the APA"

139.    Defendants incorporate all preceding paragraphs set forth in this Answer as if set forth in full here.

140.    Defendants deny the allegations in Paragraph 140.

141.    The allegations in Paragraph 141 purport to quote from and characterize the

Defendants' Answer to First Amended Complaint                                    22

ESA, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the ESA.

142.    The allegations in Paragraph 142 purport to characterize the ESA's implementing regulations, which speak for themselves, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of those regulations.

143.    The allegations in Paragraph 143 constitute conclusions of law and purport to characterize the Amended BiOp and the ITS, which speak for themselves, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the Amended BiOp and ITS and any violation of law.

144.    The allegations in Paragraph 144 constitute conclusions of law and purport to quote and characterize the APA, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the APA and any violation of law.

145.    The allegations in Paragraph 145 purport to characterize the ESA's implementing regulations, which speak for themselves, and thus no response is required. Defendants deny any allegations contrary to the plain language, context, and meaning of those regulations.

146.    The allegations in Paragraph 146 purport to quote from and characterize the ESA and its implementing regulations, which speak for themselves, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the ESA and its implementing regulations.

147.    The allegations in Paragraph 147 constitute conclusions of law, and thus no response is required. To the extent a response is required, Defendants deny the

Defendants' Answer to First Amended Complaint                                    23

allegations and any violation of law.

148.    The allegations in Paragraph 148 constitute conclusions of law and purport to characterize the Amended BiOp and ITS, which speak for themselves, and thus no response is required. To the extent a response is required, Defendants deny the allegations and any violation of law.

149.    The allegations in Paragraph 149 constitute conclusions of law and purport to quote and characterize the Amended BiOp and Jaguar Recovery Plan, which speak for themselves, and thus no response is required.  To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the BiOp and Jaguar Recovery Plan and any violation of law.

150.    The allegations in Paragraph 150 constitute conclusions of law and purport to quote and characterize the Amended BiOp, ITS, and caselaw interpreting the ESA, which speak for themselves, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the Amended BiOp, ITS, and caselaw and any violation of law.

151.    The allegations in Paragraph 151 constitute conclusions of law and purport to quote and characterize the Amended BiOp, ITS, and regulations implementing the ESA, which speak for themselves, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the Amended BiOp, ITS, and regulations and any violation of law.

152.    The allegations in Paragraph 152 constitute conclusions of law, and thus no response is required. To the extent a response is required, Defendants deny the allegations and any violation of law.

153.    The allegations in Paragraph 153 constitute conclusions of law and purport to quote and characterize the Amended BiOp and the ESA, which speak for themselves, and thus no response is required. To the extent a response is required, Defendants deny

any allegations contrary to the plain language, context, and meaning of the Amended BiOp and ESA and any violation of law.

154.    The allegations in Paragraph 154 constitute conclusions of law, and thus no response is required. To the extent a response is required, Defendants deny the allegations and any violation of law.

155.    The allegations in Paragraph 155 constitute conclusions of law and purport to quote and characterize the BiOp, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the BiOp and any violation of law.

156.    The allegations in Paragraph 156 constitute conclusions of law and purport to quote and characterize the BA, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the BA and any violation of law.

157.    Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157, and on that basis deny the allegations.

158.    Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158, and on that basis deny the allegations, but aver that the Project does not authorize "increased hunting," which is authorized by the State of Arizona.

159.    Defendants admit that the hunting season for mountain lions in Arizona set by the State is from August to May. Defendants deny the remaining allegations in Paragraph 159.

160.    The allegations in Paragraph 160 constitute conclusions of law, and thus no response is required. To the extent a response is required, Defendants deny the allegations and any violation of law.

161.    Defendants deny the allegations in the first sentence of Paragraph 153. The allegations in the second sentence of Paragraph 161 purport to characterize the Owl

Defendants' Answer to First Amended Complaint                                    25

Recovery Plan, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the Owl Recovery Plan.

162.    The allegations in Paragraph 162 constitute conclusions of law, and thus no response is required. To the extent a response is required, Defendants deny the allegations and any violation of law.

163.    The allegations in Paragraph 163 constitute conclusions of law, and thus no response is required. To the extent a response is required, Defendants deny the allegations and any violation of law.

164.    Defendants deny the allegations in Paragraph 164.

165.    Defendants deny the allegations in the first sentence of Paragraph 165, and aver that the primary reason Mexican spotted owls may utilize the John Long Canyon areas is because it contains nest/roost habitat and foraging habitat. Defendants admit the allegations in the second sentence of Paragraph 165, with clarifications that: (a) any increased activity is anticipated to be minimal; and (b) the Project will include the installation of gates to manage access and protect species.

166.    Defendants admit that the Project will provide motorized access to John Long Canyon, including approximately thirty-eight acres of Mexican spotted owl critical habitat, but aver that non-motorized access for camping and incidental fuelwood collection and use is already permitted in the area. Defendants deny any remaining allegations in Paragraph 166.

167.    Defendants admit the allegations in Paragraph 167 but aver that non-motorized access for camping and fuelwood collection and use is already permitted in North Fork of Pinery Canyon.

168.    Defendants admit the allegations in Paragraph 168 but aver that the Project does not affect nest or roost habitat for spotted owls, and ground-based noise disturbance would occur outside the breeding season.

Defendants' Answer to First Amended Complaint                                26

169.    Defendants admit the allegations in Paragraph 169 but aver that the primary threat to Mexican spotted owls is habitat destruction or modification due to high-intensity, stand-replacing wildfire.

170.    The allegations in Paragraph 170 constitute conclusions of law and purport to quote from and characterize the Amended BiOp, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the Amended BiOp and any violation of law.

171.    Defendants deny the allegations in the first and second sentences of Paragraph 171. Defendants admit that the Project will provide motorized access to John Long Canyon, including approximately thirty-eight acres of Mexican spotted owl critical habitat, but aver that non-motorized access for camping and incidental fuelwood collection and use is already permitted in the area and deny the remaining allegations in the third sentence of Paragraph 171.

172.    Defendants deny the allegations in the first sentence of Paragraph 164. The allegations in the second sentence of Paragraph 172 purport to characterize the Amended BiOp, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the Amended BiOp.

173.    The allegations in Paragraph 173 constitute conclusions of law, and thus no response is required. To the extent a response is required, Defendants deny the allegations and any violation of law.

174.    The allegations in Paragraph 174 constitute conclusions of law, and thus no response is required. To the extent a response is required, Defendants deny the allegations and any violation of law.

175.    The allegations in Paragraph 175 constitute conclusions of law, and thus no response is required. To the extent a response is required, Defendants deny the

allegations and any violation of law.

**"THIRD CLAIM FOR RELIEF"**

**"Against Forest Service Defendants"**

**"Violations of ESA Section 7 and the APA"**

176.    Defendants incorporate all preceding paragraphs set forth in this Answer as if set forth in full here.

177.    The allegations in Paragraph 177 constitute conclusions of law, and thus no response is required. To the extent a response is required, Defendants deny the allegations and any violation of law.

178.    The allegations in Paragraph 178 purport to characterize the ESA, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the ESA.

179.    The allegations in Paragraph 179 purport to quote from and characterize the ESA and its implementing regulations, which speak for themselves, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the ESA and its implementing regulations.

180.    The allegations in Paragraph 180 constitute conclusions of law, and thus no response is required. To the extent a response is required, Defendants deny the allegations and any violation of law.

181.    The allegations in Paragraph 181 constitute conclusions of law and purport to quote and characterize the APA, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the APA and any violation of law.

182.    The allegations in Paragraph 182 constitute conclusions of law, and thus no response is required. To the extent a response is required, Defendants deny the

allegations and any violation of law.

183.    The allegations in Paragraph 183 constitute conclusions of law, and thus no response is required. To the extent a response is required, Defendants deny the allegations and any violation of law.

184.    The allegations in Paragraph 184 purport to characterize the BA, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the BA.

185.    Defendants deny the allegations in Paragraph 185.

186.    The allegations in Paragraph 186 constitute conclusions of law, and thus no response is required. To the extent a response is required, Defendants deny the allegations and any violation of law.

187.    The allegations in Paragraph 187 constitute conclusions of law, and thus no response is required. To the extent a response is required, Defendants deny the allegations and any violation of law.

188.    The allegations in Paragraph 188 constitute conclusions of law, and thus no response is required. To the extent a response is required, Defendants deny the allegations and any violation of law.

189.    The allegations in Paragraph 189 constitute conclusions of law and purport to quote and characterize a Department of the Interior memorandum, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the referenced memorandum.

190.    Defendants deny the allegations in the first sentence of Paragraph 182. The remaining allegations in Paragraph 190 purport to characterize the Forest Plan, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of

the Forest Plan.

191.    The allegations in Paragraph 191 purport to quote from and characterize the Forest Plan, which speaks for itself, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the Forest Plan.

192.    The allegations in Paragraph 192 constitute conclusions of law, and thus no response is required. To the extent a response is required, Defendants deny the allegations and any violation of law.

193.    Defendants deny the allegations in the first sentence of Paragraph 185. The allegations in the second and third sentences of Paragraph 193 constitute conclusions of law, and thus no response is required. To the extent a response is required, Defendants deny the allegations and any violation of law.

194.    The allegations in Paragraph 194 constitute conclusions of law, and thus no response is required. To the extent a response is required, Defendants deny the allegations and any violation of law.

195.    The allegations in Paragraph 195 constitute conclusions of law, and thus no response is required. To the extent a response is required, Defendants deny the allegations and any violation of law.

**"FOURTH CLAIM FOR RELIEF"**

**"Against Forest Service Defendants"**

**"Violations of NFMA, the Coronado Forest Plan, and the APA"**

196.    Defendants incorporate all preceding paragraphs set forth in this Answer as if set forth in full here.

197.    The allegations in Paragraph 197 constitute conclusions of law and purport to characterize NFMA and its implementing regulations, which speak for themselves, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of NFMA and its

Defendants' Answer to First Amended Complaint                                    30

implementing regulations and any violation of law.

198.    The allegations in Paragraph 198 constitute conclusions of law and purport to quote from and characterize the Forest Plan, the Jaguar Recovery Plan, and the Owl Recovery Plan, which speak for themselves, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the Forest Plan, Jaguar Recovery Plan, and Owl Recovery Plan and any violation of law.

199.    The allegations in Paragraph 199 constitute conclusions of law and purport to quote from and characterize the Forest Plan and Project EA, which speak for themselves, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the Forest Plan and EA and any violation of law.

200.    The allegations in Paragraph 200 constitute conclusions of law and purport to quote from and characterize the 2011 Transport Analysis Plan for the Chiricahua EMA and the Biological Evaluation, which speak for themselves, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the 2011 Transport Analysis Plan and the Biological Evaluation and any violation of law.

201.    The allegations in Paragraph 201 constitute conclusions of law and purport to quote from and characterize the Forest Plan and Project BA, which speak for themselves, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of the Forest Plan and BA and any violation of law.

202.    The allegations in Paragraph 202 constitute conclusions of law and purport to quote from and characterize the Forest Plan and Project BA, which speak for themselves, and thus no response is required. To the extent a response is required, Defendants deny any allegations contrary to the plain language, context, and meaning of

the Forest Plan and BA and any violation of law.

203.    The allegations in Paragraph 203 constitute conclusions of law, and thus no response is required. To the extent a response is required, Defendants deny the allegations and any violation of law.

### "PRAYER FOR RELIEF"

The remaining allegations set forth in the First Amended Complaint (pages 55-56) consist of Plaintiffs' prayers for relief, which require no response. To the extent a response is required, Defendants deny any violation of law and deny that Plaintiffs are entitled to their requested relief or any relief whatsoever.

### "GENERAL DENIAL"

Defendants deny any and all allegations in the First Amended Complaint, whether express or implied, that are not otherwise specifically admitted, denied, or qualified herein.

### "DEFENSES"

1. Plaintiffs lack standing to raise some or all of the claims in the First Amended Complaint.

2. Plaintiffs fail to state a claim upon which relief may be granted for some or all of the claims in the First Amended Complaint.

3. Plaintiffs have waived some or all of the claims in the First Amended Complaint.

4. Plaintiffs have failed to exhaust administrative remedies for some or all of the claims in the First Amended Complaint.

Dated: October 14, 2025                    Respectfully Submitted,

Defendants' Answer to First Amended Complaint                                    32

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

*/s/ Emma L. Hamilton*
EMMA L. HAMILTON, Trial Attorney
CA Bar No. 325360
Natural Resources Section
201 Third Street, NW, Suite 900
Albuquerque, New Mexico 87102
Email: emma.hamilton@usdoj.gov

*Attorney for Defendants*

1

**CERTIFICATE OF SERVICE**

2        I hereby certify that on October 14, 2025, I filed the foregoing document

3  electronically through the CM/ECF system, which caused all parties or counsel of record

4  to be served by electronic means, as more fully reflected on the Notice of Electronic

5  Filing.

6

7                                    */s/ Emma L. Hamilton*
                                     Emma L. Hamilton
8                                    U.S. Department of Justice

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Defendants' Answer to First Amended Complaint                               34